UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80397-CIV-MARRA/JOHNSON

NICOLE C. SEROPIAN, individually and
as a parent and natural guardian of
KATHERINE ELIZABETH SEROPIAN,
a minor and SARAH LUCINE SEROPIAN,
a minor,

    Plaintiffs,
vs.

WACHOVIA BANK, N.A.,

    Defendant.
_____/

**OPINION AND ORDER**

**THIS CAUSE** is before the Court upon Defendant Wachovia Bank, N.A.'s ("Wachovia" or "Defendant") Motion to Dismiss Complaint (DE 8), filed April 9, 2010.  Plaintiffs Nicole Seropian, Katherine Elizabeth Seropian, and Sarah Lucine Seropian filed a response in opposition (DE 16) and Defendant filed a reply (DE 19).  The Motion is now fully briefed and ripe for review.  The Court has considered the Motion, Response, Reply, the record in this case, and is otherwise fully advised in the premises.

**1.**     **Background**

On February 8, 2010, Plaintiffs filed suit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida against Defendant Wachovia Bank, N.A. ("Wachovia" or "Defendant"). See DE 1.  Wachovia removed the case to this Court pursuant to 28 U.S.C. § 1441. Id.  This matter involves certain family members:  (1) Elizabeth "Betty" H.

Bleyer; (2) Mrs. Bleyer's daughter Joan Elizabeth Bleyer Caruso; (3) Mrs. Bleyer's granddaughter Nicole Seropian; (4) Mrs. Bleyer's great-granddaughter Katherine Elizabeth Seropian; and (4) Mrs. Bleyer's great-granddaughter Sarah Lucine Seropian. See Compl. ¶ 5, 6. Mrs. Bleyer died on September 19, 2009. See Compl. ¶ 5. In the Complaint, Plaintiffs allege as follows:

During her life, Mrs. Bleyer owned multiple certificates of deposit ("CDs") held at Wachovia, which had a total value in excess of $100,000.00. See Compl. ¶ 7, 8, 11. Plaintiffs further claim that certain of these CDs, titled in the name of Elizabeth "Betty" H. Bleyer, were to be paid on her death ("POD") to each Plaintiff, Nicole Seropian, Katherine Elizabeth Seropian, and Sarah Lucine Seropian. See Compl. ¶ 7. It was the intention of Elizabeth "Betty" H. Bleyer to create a vested interest in the named recipient of each CD upon her death. See Compl. ¶ 8.

On or about December 5, 2008, or prior thereto without Mrs. Bleyer's permission, direction or instruction, and contrary to her intention, Defendant Wachovia, acting alone or in concert with others, "re-titled, converted, liquidated, released and/or transferred" the CDs to the benefit of others, including but not limited to Mrs. Bleyer's daughter, Ms. Caruso, in violation of Wachovia's fiduciary obligations to Mrs. Bleyer and to Plaintiffs who were the designated and intended beneficiaries of the payable upon death CDs. See Compl. ¶ 10. Plaintiffs allege that Wachovia improperly re-titled and ultimately liquidated those assets at the urging of Ms. Caruso through the use of one or more written documents not properly authenticated, or authorized to be used to re-title and/or liquidate the CDs; nor did Wachovia receive any proper authorization or instruction evidencing Mrs. Bleyer's intention to alter her previously existing and stated, long-standing testamentary intent to provide the CDs to Plaintiffs upon her death. See Comp. ¶ 12.

Upon her release from a nursing home in May 2009, in full possession of her mental faculties, Mrs. Bleyer contacted Defendant and demanded return of all her monies improperly liquidated, converted, and/or retitled to the benefit of others, including Ms. Caruso. See Comp. ¶ 13.  Wachovia, by and through its employees, wrongfully and intentionally refused to return the monies rightfully owned and designated for Plaintiffs by way of the CDs, thereby wrongfully depriving Mrs. Bleyer of her ownership interest in her own money and her own CDs, and wrongfully depriving the intended beneficiaries, Plaintiffs, of their entitlement to the proceeds of the CDs, payable upon Mrs. Bleyer's death. See Comp. ¶ 14.

Mrs. Bleyer made no modification of her estate plan to eliminate the long standing provisions which she had made for Plaintiffs, nor did she authorize the re-titling, conversion and liquidation of her assets/accounts, which resulted in the destruction of her testamentary intentions.  See Comp. ¶ 17.  Release, or transfer, and/or retitling of those monies to Ms. Caruso was contrary to Florida law and constituted a breach of Wachovia's fiduciary duty then owed to Mrs. Bleyer, and also owed to Plaintiffs.  See Comp. ¶ 18.  Wachovia directly violated Florida Statute §§ 655.78, 655.79, and 709.08, amongst others, in re-titling, converting and liquidating said CDs, and facilitating their conversion to the benefit and use of another, contrary to Mrs. Bleyer's testamentary intent, and without her permission or authorization, in violation of Wachovia's fiduciary obligation to protect, hold inviolate, and facilitate that intent, and its corresponding duty to Plaintiffs.  See Comp. ¶ 19.

Plaintiff's Complaint against Wachovia alleges causes of action for civil theft, conversion, breach of fiduciary duty, and negligence.  See DE 1.  Defendant moves to dismiss each of the four counts, arguing that Plaintiffs fail to allege facts which support cognizable legal

claims against it.

**2.      Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a).  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  Furthermore, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her." Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993).

**3.    Discussion**

<u>Count I - Civil Theft</u>

Count I of Plaintiffs' Complaint attempts to state a cause of action for civil theft.[1] Defendant argues that Plaintiffs' potential inheritance from Mrs. Bleyer was nothing more than an expectancy and, as such, cannot form the basis for a claim of civil theft. (DE 8 at 3).

To state a claim for civil theft under Florida law, Plaintiffs must allege an injury resulting from a violation by Wachovia of the criminal theft statute, Fla. Stat. § 812.014.[2]  <u>United Technologies Corp. v. Mazer</u>, 556 F.3d 1260, 1270 (11th Cir. 2009).  To do this, Plaintiffs must allege that Wachovia (1) knowingly (2) obtained or used, or endeavored to obtain or use, Plaintiffs' property with (3) "felonious intent" (4) either temporarily or permanently to (a) deprive Plaintiffs of its right to or a benefit from the property or (b) appropriate the property to Wachovia's own use or to the use of any person not entitled to the property. Fla. Stat. §§ 772.11 (providing civil remedy for theft or exploitation), 812.014(1) (criminal theft statute); see <u>Almeida v. Amazon.com, Inc.</u>, 456 F.3d 1316, 1326-27 (11th Cir. 2006); <u>Gersh v. Cofman</u>, 769 So.2d 407, 409 (Fla. 4th DCA 2000) ("In order to establish an action for civil theft, the claimant must

---

[1] While the motion to dismiss expresses uncertainty over whether Plaintiffs are attempting to assert a claim for civil theft on behalf of themselves, Mrs. Bleyer and/or her estate, Plaintiffs affirmatively state in their response to the motion that "[i]t is absolutely clear from Plaintiffs' Complaint that they assert a cause of action for civil theft on behalf of themselves, not on behalf of Ms. Betty Bleyer, nor her estate." (DE 16 at 2).

[2] The Florida theft statute provides:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
    (a) Deprive the other person of a right to the property or a benefit from the property.
    (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
Fla. Stat. § 812.014(1).

prove the statutory elements of theft, as well as criminal intent."). See United Technologies, 556 F.3d at 1270.

Importantly, under Florida law, a plaintiff in an action for conversion or civil theft must establish possession or an immediate right to possession of the converted property at the time of the conversion.[3] U.S. v. Bailey, 419 F.3d 1208, 1211, 1214 (11th Cir. 2005).[4] Plaintiffs' civil theft claim fails because they have not and cannot make that allegation. The Complaint alleges that the CDs were payable to Plaintiffs only upon the death of Mrs. Bleyer. Comp. ¶ 7. Plaintiffs have alleged that the civil theft occurred in December of 2008, while Mrs. Bleyer was still living. Comp. ¶ 5, 10. A beneficiary in an account having a pay-on-death designation has no right to sums on deposit during the lifetime of any party. Fla. Stat. § 655.82(2). Accordingly, Plaintiffs allegations fail to meet the requirement that Plaintiffs had possession of the property or an immediate right to possession of it **at the time of the conversion**. Bailey, 419 F.3d at 1214. See also Balcor Property Management, Inc. v. Ahronovitz, 634 So.2d 277, 280 (Fla. 4th DCA 1994) (mere expectation cannot form the basis for a civil theft claim).

Plaintiffs' reliance on State v. Lahurd, 632 So.2d 1101 (Fla. 4th DCA 1994) is misplaced. In Lahurd, the personal representative of a decedent's estate transferred funds from the estate account to his own account and used the funds for personal investments. The court held that a

---

[3] The Florida common-law rule is in contrast to the "modern view of conversion," which allows for an action where the plaintiff has "some property interest" in the allegedly converted goods. Bailey, 419 F.3d at 1214 .

[4] Possession of the property or an immediate right to it is a prerequisite to an action for either conversion or civil theft. Bailey, 419 F.3d at 1211. Therefore, the Court's discussion of the issue applies equally to both Count I and Count II.

decedent's estate assets are the property of the estate and the estate's beneficiaries, not the property of the individual who serves as personal representative of the decedent's estate. Id. at 1103-04. In contrast, in this case, as explained above, Plaintiffs did not have a present right to possession of the funds at issue at the time of the alleged conversion. Accordingly, Plaintiffs' civil theft claim fails and must be dismissed.

The Court notes that, to the extent that Mrs. Bleyer's estate may have a claim for civil theft under the facts alleged in the Complaint, under Florida law, it is the personal representative who is authorized to bring an action for the return of estate assets, not a potential beneficiary. Baumann v. Dabrota, 1992 WL 63019 (M.D. Fla. 1992); Sharps v. Sharps, 214 So.2d 492 (Fla. 3d DCA 1968).

Count II - Conversion

Count II of Plaintiffs' Complaint attempts to state a cause of action for conversion. Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." United Technologies, 556 F.3d at 1270. (quoting Thomas v. Hertz Corp., 890 So.2d 448, 449 (Fla. 3d DCA 2004).

"In Florida, an action for conversion is regarded as a possessory action and the plaintiff must have a present or immediate right of possession of the property in question." Bailey, 419 F.3d at 1214 (quoting Page v. Matthews, 386 So.2d 815, 816 (Fla. 5th DCA 1980). As explained infra, Plaintiffs' allegations fail to meet the requirement that they had possession or an immediate right to possession of the property at the time of the conversion in December of 2008, prior to Mrs. Bleyer's death in September of 2009. Accordingly, Plaintiffs' conversion claim fails and must be dismissed.

Count III - Breach of Fiduciary Duty

Count III of Plaintiffs' Complaint attempts to state a cause of action for breach of fiduciary duty. A breach of fiduciary duty claim requires the existence of a fiduciary duty, a breach of that duty, and plaintiff's damages proximately caused by the breach. Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002); Rocco v. Glenn, Rasmussen, Fogarty & Hooker, P.A., 32 So.3d 111, 116 n.2 (Fla. App. 2 Dist. 2009); Patten v. Winderman, 965 So.2d 1222, 1224 (Fla. 4th DCA 2007).

Wachovia argues that Plaintiffs' claim fails because it had no fiduciary relationship with Plaintiffs. Plaintiffs were mere expectant beneficiaries who had no right to sums on deposit during the lifetime of the account owner. See § 655.82(2), Fla. Stat. ("A beneficiary in an account having a pay-on-death designation has no right to sums on deposit during the lifetime of any party.").

In their response, Plaintiffs fail to argue that they have met the requirements of a breach of fiduciary claim. Instead, Plaintiffs attempt to plead a new cause of action, a claim for breach of third-party beneficiary contract. That claim is not pled in the original Complaint. Plaintiffs cannot, however, assert what is essentially a new cause of action, not previously pled, in a response to a motion to dismiss. Rather, the only live claims that they have are those which were asserted in their Complaint (DE 1). Furthermore, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her." Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993). Accordingly, the breach of fiduciary duty claim must be dismissed. Plaintiff's new claim for breach of third-party

beneficiary contract will not be considered until it has been pled.[5]

Count IV - Negligence

Count IV of Plaintiffs' Complaint attempts to state a cause of action for negligence.  Four elements are necessary to sustain a negligence claim: duty, breach of the duty, legal causation, and actual damages. See Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla. 2003).  The Complaint alleges that Wachovia "owed a duty of reasonable care to the Plaintiffs. . . in preserving and holding inviolate the Certificates of Deposit, payable upon death, and protecting the same from any outside influence, including but not limited to their conversion, re-titling, liquidation or any other event that would frustrate the depositor's testamentary intent." Comp. ¶ 44.

Defendant argues that Plaintiffs' claim fails because they do not allege a legally cognizable duty.  The Court agrees.  First, as explained infra, beneficiaries in an account having a pay-on-death designation have no right to sums on deposit during the lifetime of any party. Fla. Stat. § 655.82(2).  Plaintiffs fail to demonstrate a legally recognizable duty on the part of Wachovia to protect Plaintiffs' mere expectancy interest in Mrs. Bleyer's CDs.  See, e.g., McAuley v. Southington Savings Bank, 2000 WL 33120165 (Conn. Super. 2000) (while noting that the alleged harm to plaintiff as beneficiary of a trust account was foreseeable, nonetheless finding that plaintiff's interest in the funds was insufficient to create a duty owed to her by defendant bank or to maintain a negligence action against defendant bank).

Plaintiffs' reliance upon Brooks v. Bank of Wisconsin Dells, 161 Wis.2d 39 (Wis. App.

---

[5] A response to a motion is not the place to assert new causes of action.  Rather, Plaintiffs may seek to amend their complaint pursuant to Fed.Rules Civ.Proc. Rule 15(a).

1991) is not well founded.  In Brooks, the court allowed beneficiaries of Madeline Stanton's POD CDs to bring a negligence claim against a bank officer.  The bank officer served as Ms. Stanton's attorney-in-fact, and in that capacity liquidated the CDs to pay for Ms. Stanton's expenses.  The court also allowed a claim against the bank on *respondeat superior* grounds for the attorney-in-fact's action, as he was an officer of the bank.  Id. at 189.  Here, there is no similar allegation that Wachovia or a Wachovia employee was acting as attorney-in-fact for Mrs. Bleyer.

Lastly, to the extent that Plaintiffs are claiming that Wachovia had the duty to protect Mrs. Bleyer from undue influence, under Florida law, a competent individual (which Plaintiffs allege Mrs. Bleyer was - see Comp. ¶ 13) may change the beneficiary of a revokable trust (who will not enjoy the trust until the settlor's death) at any time, regardless of whether undue influence is involved. Florida Nat. Bank of Palm Beach County v. Genova, 460 So.2d 895 (Fla. 1985).  Accordingly, Plaintiffs' negligence claim must be dismissed for failure to allege that Wachovia had a legally recognizable duty to Plaintiffs.

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint (DE 8) is **DISMISSED** with leave to amend in accordance with this Order**.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of July, 2010.

KENNETH A. MARRA
United States District Judge

copies to: all counsel of record