UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:10-CV-80397 MARRA/JOHNSON

NICOLE C. SEROPIAN, individually,
and as parent and natural guardian of
KATHERINE ELIZABETH SEROPIAN,
a minor and SARAH LUCINE
SEROPIAN, a minor,

        Plaintiff,

vs.

WACHOVIA BANK, N.A.,

        Defendant.
_____/

## PLAINTIFFS' MOTION FOR FURTHER RELIEF, INCLUDING SANCTIONS AND ATTORNEYS' FEES BASED ON WACHOVIA'S VIOLATION OF THE 10/08/2010 OMNIBUS ORDER, AND ITS INSUFFICIENT RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, NICOLE C. SEROPIAN, individually, and as parent and natural guardian of KATHERINE ELIZABETH SEROPIAN, a minor and SARAH LUCINE SEROPIAN, a minor, by and through the undersigned counsel, and pursuant to Fed. R. Civ. Pro. 16(f), 37(a)(4) and 37(b), and S.D. Fla. L.R. 7.1 and 26.1(c), hereby file this Motion for Further Relief Including Sanctions and Attyorneys' Fees Based on Defendant's Insufficient Responses to Plaintiffs' Request for Production and to Plaintiffs' Interrogatories, and Incorporated Memorandum of Law, and as grounds therefore would state:

    1.    On April 20, 2010, Plaintiffs' propounded their First Request to Produce and First Set of Interrogatories to Defendant, WACHOVIA BANK, N.A.

    2.    On May 20, 2010, Defendant, through counsel, filed its Response to Plaintiffs'

*Seropian v. Wachovia*
CASE NO.: 10-80397-CIV- MARRA
Plf's Motion for Further Releif
Page 2 of 19

Request to Produce and Interrogatories, asserting a host of general objections along with a statutory privilege under F.S.A. 655.059, certain privacy rights under the Florida Constitution, immateriality, overbreadth, unduly burdensome, harassing, and irrelevance, along with a host of other objections as to the eighteen (18) separate paragraphs, and thirteen (13) interrogatories.

3. On June 8, 2010, Plaintiffs' filed their Motion for Order Compelling Responses to Request for Production [D.E. 20].

4. On even date, Plaintiffs' filed their Motion for Order Compelling Sworn Answers to Interrogatories [D.E. 21].

5. On even date, Plaintiffs' filed their Motion to Compel Defendant's Rule 26(a) Initial Disclosures [D.E. 22].

6. On even date, Plaintiffs' also filed their Motion to Order Defendants to make discovery and comply with the Federal Rules of Civil Procedure (D.E. 23).

7. Defendant served its Response [D.E. 26], and Plaintiffs' their Reply [D.E. 28] three (3) days later.

8. On October 8, 2010, United States Magistrate Judge Linnea R. Johnson issued this Court's Omnibus Order overruling Defendant's objections [D.E. 49, Pages 2-3]:

> **ORDERED AND ADJUDGED** that each of the four (4) above-styled Motions filed by Plaintiffs' (D.E. #S 20, 21, 22 and 23) are **GRANTED**. Wachovia is directed to fully and completely respond to the subject discovery requests and ordered to provide Rule 26(a) initial disclosures within ten (10) days from the date hereof....

The October 8, 2010 Omnibus Order is attached here to as Exhibit "A".

### Defendant, WACHOVIA BANK, N.A.'s, Responses to Plaintiffs' Request to Produce are in Violation of the 10/8/2010 Omnibus Order [D.E. 49]

9. On October 18, 2010, WACHOVIA BANK, N.A. filed its "Amended Responses to Plaintiffs' Request to Produce". The same is attached hereto as "Exhibit "B", a thirteen (13) page document. In spite of the clear language of the Omnibus Order, Defendant asserted general objections on pages 1 through 3 of its Response. Additionally, although all the objections were previously overruled pursuant to the October 8, 2010 Omnibus Order [D.E. 49], WACHOVIA BANK, N.A. asserted additional new objections such as "immaterial", "not calculated to lead to the discovery of admissible evidence ", "overbroad", "unduly burdensome" and "harassing" in its responses to Request to Produce Paragraph Numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17. It also asserted an attorney-client privilege in response to the Request to Produce ¶4. All such objections were waived or overruled. See e.g. Covad Communications Co. v. Revonet, Inc., 258 F.R.D. 17, 25 (D.D.C. 2009); Showmide v. ILC Dover, Inc., 521 F. Supp. 2d 324, 330 (D. Del. 2007); [D.E. 49].

10. As to its Production, WACHOVIA BANK, N.A. produced Bates stamped documents WB00001 through WB00195. The same are attached hereto as Exhibit "C".

11. The undifferentiated production of 195 Bates stamped pages of various documents is in violation of F.R.Civ.P. 34(b)(2)(B) as Wachovia failed to respond to each item, and specify which documents relate to which request to produce. Wachovia's production is not in compliance with Rule 34(b)(2)(E)(i) - (iii). This is particularly true of the SOLD notes (Client Telephonic Servicing Notes) which are obviously stored in an electronic format on Wachovia's data system. Wachovia can produce the SOLD Detail Notes in the same media, and burn them to a disc, or produce the same in a legible format. Defendant produced a

photocopy of a screen of the notes, which is substantially illegible. So too, Wachovia failed "to organize and label them to correspond to the categories in the request," with regard to all of the Bates stamped production. See Rule 34(b)(2)(E)(I). The production and electronic information must be produced "in a reasonably usable form or forms," and it was not. This type of response leaves Plaintiffs guessing at which documents respond to which of the eighteen (18) paragraphs of the Request for Production, obstructing discovery, and purposefully making it impossible to determine if all the documents responsive to each area of production have been produced.

12. WB00012-29 relate to Account No. 012222051826403, which was a Certificate of Deposit, payable on death to Nicole Seropian's brother, Michael F. Caruso, before the same was re-titled by Joan Caruso and her husband, Joe Teague Caruso. Plaintiffs' asked for all information about this Certificate of Deposit from date of inception through the time it was liquidated in Requests to Produce ¶ Numbers 11 and 12. Defendant has purposefully failed and refused to produce such documents.

13. Certificate of Deposit Account No. 012222051826404 is addressed by Bates stamped documents numbered WB00029-45. Yet WACHOVIA BANK, N.A. failed to produce any documents regarding its inception. This Pay-On-Death Certificate of Deposit was payable to NICOLE CARUSO SEROPIAN before the same was re-titled and liquidated by Defendant when it allowed POA Joan Caruso and Joe Teague Caruso to use an inadequate Power of Attorney (WB0004). Defendant has not provided information regarding this Pay-On-Death Certificate of Deposit from date of inception through date of liquidation on December 5, 2008, in violation of the Omnibus Order.

14. Account No. 012242111685950 was the Pay-On-Death Certificate of Deposit Betty Bleyer intended for the minor Plaintiffs, KATHERINE ELIZABETH SEROPIAN and SARAH LUCINE SEROPIAN, in the instant action and is covered by Bates stamped documents numbered WB00061-73. Yet, WACHOVIA BANK, N.A. has failed and refused to produce all documents regarding this Pay-On-Death Certificate of Deposit from **date of inception** through the date on which it was closed by Joan Caruso on December 5, 2008 with an inadequate written Durable Power of Attorney. Defendant's failure to make production is in direct violation of the Omnibus Order [D.E. 49].

15. As to the Account Number 012242111685962, embraced by Bates stamped documents numbered WB00074-92, WACHOVIA BANK, N.A. has again failed and refused to provide all documentation regarding this Pay-On-Death Account **from its inception date** through the date of liquidation on December 5, 2008, in violation of the Omnibus Order.

16. As to the Pay-On-Death Account 012242112061255, embraced by Bates stamped documents numbered WB00092-103, the same is true and WACHOVIA BANK, N.A. has failed and refused to produce all documents regarding this Pay-On-Death Certificate of Deposit from its inception date through the date of closure, in violation of the Omnibus Order. Rather, as with the other Accounts, the printouts only show "date entered" or "previous activity dates", but not the inception dates, which is probative of Betty Bleyer's longstanding testamentary intent.

17. The Pay-On-Death Certificate of Deposit Number 012242112061261 was titled in NICOLE CARUSO SEROPIAN's name as a Pay-on-Death Certificate to her before WACHOVIA BANK, N.A. re-titled and improperly closed that Account based on an inadequate

Durable Power of Attorney, used by Joan Caruso. WACHOVIA BANK, N.A. has failed and refused to provide documents regarding that account from its inception date through the date of its closure, in violation of the Omnibus Order, to the extreme prejudice of the Plaintiffs herein.

18.  The Pay-On-Death Certificate of Deposit No. 012242112426286 was titled in NICOLE CARUSO SEROPIAN's name as a Pay-on-Death Certificate to her before re-titled and improperly closed based on an inadequate Durable Power of Attorney by Joan Caruso. WACHOVIA BANK, N.A. has failed and refused to provide documents regarding that account from its inception date through the date of its closure, in violation of the Omnibus Order, to the extreme prejudice of the Plaintiff herein. The length of time the document effective at the principal's death existed, speaks to the principal's intent.

**The Illegible SOLD Note Details are incomplete and Defendant's failure to make discovery prejudices Plaintiffs' ability to prosecute this case, for which it should be sanctioned.**

19.  Bates stamped documents numbered WB00131-139 are "SOLD Note Details" which purportedly are client servicing notes relating to phone calls made to and from Betty Bleyer. Plaintiffs requested all such notes involving Betty Bleyer's Pay-On-Death Accounts (and all accounts) from the time period January 2007 through October 2009. See Plaintiff's Request to Produce ¶¶ 2, 3, 4 and 5 of Exhibit "A". WACHOVIA BANK, N.A. has clearly failed to produce all such servicing notes and purposely violated the Omnibus Order to the specific prejudice and detriment of the Plaintiffs herein. First, although difficult to read, it is patently clear that Defendant has failed to produce all Contact History notes regarding all transactions involving Betty Bleyer's Pay-On-Death Certificates of Deposit between January 2007 and

October 2009. The same is plainly evident by looking at the "SOLD Note Details" (Attached as Exhibit "D" are the SOLD Notes, WB00131-00139).

20. For example, looking at WB00131, a "SOLD" note (dated June 12, 2009) shows that the client, Betty Bleyer called Wachovia Bank, N.A., complaining that her daughter, Joan, "had liquidated and taken all her remaining money . . .".

21. For ease of reference and the Court's benefit, Plaintiffs supply their transcription of the substance of each "SOLD Note Detail" (WB00131-139), and the same are attached hereto as Composite Exhibit "E". Looking at the June 12, 2009 note authored by Katie Miller, reveals that the prior screen (the first line of which is seen at the bottom of the page) shows a SOLD Note that was authored on December 8, 2008 by Wachovia employee, Douglas Owens, stating "POA Joan Caruso closed CDs...". **WACHOVIA BANK, N.A. has purposefully failed and refused to produce that December 8, 2008 SOLD servicing note**. Indeed, Defendant has failed and refused to produce any servicing note from the critical time of November 24, 2008 through December 5, 2008, when POA Joan Caruso and her husband, Joe Teague Caruso, were desperately attempting to re-title, convert and ultimately liquidate the Pay-On-Death Certificates of Deposit owned by Elizabeth Betty Bleyer, and held by WACHOVIA BANK, N.A.

22. Looking at WB00139, the same is a servicing note dated July 15, 2008, authored by an employee, Katie Miller, indicating that she returned Betty Bleyer's phone call and let the phone ring. However, the prior screen, again **not produced by WACHOVIA BANK, N.A. in its response to Request to Produce**, reveals that on November 15, 2007 "CD ROLLED TO NEW SPECIAL", authored by employee Don Heckman, Employee Number

A224645. Second, WB00132 refers to Wachovia employee "Crystal", but said employee is not mentioned in Wachovia's Answers to Interrogatories, nor is she specified in Defendant's Ruloe 26(a) Disclosure.

23.    Here, Defendant is hoisted on its own petard as the documents it did produce, provide irrefutable evidence that it failed to provide all the servicing notes as to Betty Bleyer's Pay-On-Death Certificates of Deposit between the time frame of January 2007 through October 2009, in direct violation of the Omnibus Order requiring Defendant to "fully and completely respond to the subject discovery requests". Not only do Plaintiffs request that Defendant be made to produce all of the servicing notes and contact history for all of Betty Bleyer's accounts from January 1, 2007 through September 30, 2009, but WACHOVIA BANK, N.A. should be sanctioned for its bad faith refusal to make discovery and comply with an Omnibus Order of this Court to the direct prejudice of Plaintiffs herein.

24.    Specifically, WB00139 and WB00131, confirm that there are "SOLD Note Detail" entries which were not provided to Plaintiffs in violation of the Omnibus Order. The July 15, 2008 note (WB00139) at the end of the screen involving Kate Miller, is a partially visible screen from the prior SOLD note dated July 16, 2007 "CD rolled to new special, Employee Number A224645, Don Heckman." Thus, through WACHOVIA BANK, N.A.'s own production, it supplies irrefutable proof that there are additional client contact and serving notes which it has failed and refused to provide in violation of the Omnibus Order dated October 8, 2010 [D.E. 49].

25.    Request to Produce Paragraphs 3, 4, and 5 are sufficiently broad and

*Seropian v. Wachovia*
CASE NO.: 10-80397-CIV- MARRA
Plf's Motion for Further Releif
Page 9 of 19

unambiguous to have required WACHOVIA BANK, N.A. to produce all servicing notes and date regarding the accounts in question. It also appears from WB00139, for example, that there are other sub-files for e-mails or memoranda including areas of client information entitled "Contact History", "Customer Information", "Customer Detail", "Important Messages", "Bank Detail", "Customer Accounts", "Maintenance", "Leads", "Book of Business", and "Financial Profile". It appears that Defendant has only produced information out of the "Contact History" subfile, in direct violation fo the Omnibus Order, thwarting discovery and prejudicing the Plaintiffs.

26. Request to Produce Paragraphs 11 and 12 requested WACHOVIA BANK, N.A. to produce copies of each Pay-On-Death Certificate of Deposit or time deposit owned by Elizabeth Betty Bleyer **from date of inception until closed**. Defendant has plainly failed and refused to do the same as the documents it did produce regarding Certificates of Deposit and Pay-On-Death Certificates of Deposit do not reveal inception dates, but only dates of transactions within the past four (4) to five (5) years.

27. Request to Produce Paragraph 17 sought copies of all account statements regardless of how titled owned by Elizabeth Betty Bleyer from inception until the accounts were closed. Yet, WACHOVIA BANK, N.A. has refused to produce any documents from the Pegasus Software Financial program relating to "Customer Accounts", although that sub-file exists based on production of documents from Defendant. See WB00131-139.

28. So too, document WB00131 is a screen revealing a June 12, 2009 entry which states:

> CLIENT CALLED TO SAY HER DAUGHTER, JOAN, HAD LIQUIDATED AND TAKEN ALL HER REMAINING MONEY EXCEPT THE CHECKING A/C. SHE WANTS NOV-MAY STATEMENTS PRINTED AND MAILED, AND JOAN REMOVED AS POA, NEEDS TO SIGN REMOVAL SO BETTY TO COME IN NEXT WEKK[sic] - MONDAY HAS APPOINTMENTS TO GO TO...

That same image reveals that there is another "SOLD Note Detail", i.e. a client contact servicing note dated December 8, 2008 which starts with the words "POA Joan Caruso closed CDs A..." and was entered by employee Douglas Owens, Employee Number A381600. Although Request to Produce Paragraphs 3, 4, 5 and 10 all requested the production of all pertinent documents relating to the re-titling and liquidation of the Pay-On-Death Certificates of Deposit from the time frame of January 2007 through October 2009, WACHOVIA BANK, N.A. has plainly failed to make discovery in direct violation of the Omnibus Order. [D.E. 49].

29. WACHOVIA BANK, N.A., has also interposed a Privilege Log (Attached as Exhibit "F"), in conjunction with its Response to Request to Produce regarding two (2) documents, WB00195, to which it asserts an attorney-client privilege, such that there were "notes from consultation with legal department", which is an undated consolidated statement cover page with hand-written notes which Defendant redacted in violation of the Omnibus Order [D.E. 49]. Notes from communications with internal legal department are communications to which the attorney client privilege does not apply. See Hillsborough Holdings Corp. V. The Celotex Corp.,132 B. R. 478, 480 (Bktcy. Ct. M.D. FL 1991). Defendant failed to produce WB00196, or offer the same for *in camera* inspection. It is not clear to Plaintiffs to which category of documents WB00195 belongs as WACHOVIA BANK, N.A. failed to specify which documents were responsive to which Paragraphs. Nonetheless, any and all

privileges were waived which were not asserted in Defendant's initial response in May 2010, prior to entry of the Omnibus Order. Accordingly, WACHOVIA BANK, N.A. should be directed to produce an un-redacted copy of WB00195, and sanctions imposed for the intentional violation of the Rules, including a default, and Plaintiffs are due attorneys' fees as well.

### Defendant, WACHOVIA BANK, N.A.'s, Responses to Plaintiffs' Interrogatories are in Violation of the 10/8/2010 Omnibus Order [D.E. 49], For Which It Should Be Sanctioned

30. Defendant has failed to comply with <u>USAA v. Cruz</u>, 614 So. 2d 1213 (Fla. 4th DCA 1993) which would require WACHOVIA BANK, N.A. to seek an *in camera* inspection of the documents rather than to simply withhold them in violation of the Omnibus Order. Second, Plaintiffs are entitled to an *in camera* review and a finding of the waiver of attorney-client and work-product privilege. <u>See generally</u> <u>Preferred Care Partners Holding Corp. v. Humana, Inc.</u>, 258 F.R.D. 684 (S.D. Fla. 2009). WACHOVIA BANK, N.A. has failed to carry its burden of proof to establish that the attorney-client privilege applied or that it did not previously waived the same. 258 F.R.D. at 689. Additionally, it appears the communication and resulting notes (WB00195) that Janiene Colton had with the "legal department" regarding the liquidation of the time deposits and/or reliance on one or both of the written Durable Powers of Attorney (WB0003-0004) **primarily served a business purpose, and accordingly are not covered by the attorney-client privilege**. <u>Id.</u> Since Defendant offered no affidavits or evidentiary support regarding its assertion of work-product or attorney-client privilege, the same should be overruled by this Court and WACHOVIA BANK, N.A. should be directed to make the discovery, in addition to being subject to sanctions for withholding documentation from Plaintiffs in violation of the Omnibus Order [D.E. 49].

Moreover, WACHOVIA BANK, N.A. has failed to identify the person(s) in the "legal department" to whom Ms. Colton spoke, also in violation of the Omnibus Order.

31.     Pursuant to Federal Rule of Civil Procedure 33, any objections not interposed by WACHOVIA BANK, N.A. in its May 20, 2010 initial Response were specifically waived. See Fed. R. Civ. P. 33(b)(4). This Honorable Court, through Magistrate Judge Johnson, overruled Defendant's objections and directed it to "fully and completely respond to the subject discovery" in the Omnibus Order [D.E. 49]. Directly flouting the Order, WACHOVIA BANK, N.A. has asserted additional general objections and other objections it waived by not asserting them previously in its responses to Interrogatory numbers 1, 2, 6, 7, 8, 10 and 11. For asserting further objections which were waived in violation of the Omnibus Order, Defendant is subject to the sanctions set forth in Fed. R. Civ. P. 37(b).

32.     WACHOVIA BANK, N.A.'s Answers to Interrogatories are incomplete, evasive and misleading. For example, nowhere in the Answers to sworn Interrogatories does Defendant mention or identify Don Heckman, or "Crystal" as a Wachovia employee having information regarding Betty Bleyer's Pay-On-Death Certificates of Deposit, when in fact he was the Wachovia employee who managed her accounts and monies until Katie Miller took over the accounts, and Crystal is identified as having contact with Mrs. Bleyer in WB00132. This failure to identify Don Heckman (see WB00139), as well as specifying whatever transactions and information he had regarding Betty Bleyer's Pay-On-Death Certificates of Deposit is purposeful obstruction, and in direct violation of this Court's Omnibus Order and is prejudicial to the Plaintiffs, justifying the imposition of sanctions.  WB00132 confirms that another

*Seropian v. Wachovia*
CASE NO.: 10-80397-CIV- MARRA
Plf's Motion for Further Releif
Page 13 of 19

employee "Crystal also did this a week ago", yet Crystal is not mentioned in Defendant's Answers to Interrogatories, nor in its Rule 26(a) Disclosure.

33.   WACHOVIA BANK, N.A. also identifies a "SOLD Note" (dated October 21, 2009) regarding a consultation with the legal department entered in the system by Katie Miller. That privilege, both attorney-client and work-product, was waived as it was not asserted initially. See Privilege Log, attached as Exhibit "F". Moreover, the attorney client privilege does not apply to an internal legal department communication as referenced here.

34.   Response to Interrogatory Number 2 failed to specify the dates of contact, person who initiated contact, the type of contact, and the substance and/or purpose of said contact between Power of Attorney Joan Caruso and Wachovia Employees Janiene Colton, Douglas Owens and Carrina Laurent. For that reason, the Response to Interrogatory Number 2 does not fully and completely respond to the question, in violation of the Omnibus Order.

35.   WACHOVIA BANK, N.A.'s response to Interrogatory Number 4 is similarly defective. The Interrogatory is unambiguous and directed Defendant to specify all employees, past and present, who had anything to do with re-titling, transfer, or liquidation of Betty Bleyer's Accounts and Certificates of Deposit by anyone on or about November/December 2008 or prior thereto. It does not identify who in the "legal department" spoke to Ms. Colton and approved the account closures. It does not identify Don Heckman or Crystal, surname unknown. It doesn't mention Katie Miller, who was involved in re-titling the Pay-On-Death Certificates of Deposit. Its Answer flatly fails to provide the requisite information, which should have been supplied based on the other documents produced revealing other involved employees. WACHOVIA BANK, N.A. should be required to properly answer the question in

its entirety and suffer sanctions, including a default, for failure to do so pursuant to Fed. R. Civ. P. 16(f), and 37(a) and (b).

36. WACHOVIA BANK, N.A's answer to Interrogatory Number 5 is similarly defective. The answer fails to "specify the exact extent of their involvement in same, and the dates of same." The Interrogatory does not specify what attorney Joe Teague Caruso's role was in the liquidation of the accounts. For example, WB0008 purports to be a letter on Wachovia letterhead, addressed to Mr. Caruso from to Corinna Laurant, explaining that the Pay-On-Death Certificates of Deposit were changed to make <u>him</u> (the spouse of the agent, and an obvious "straw man") the beneficiary when WACHOVIA BANK, N.A. was already possessed of a letter (dated December 2, 2008) purportedly signed by Betty H. Bleyer (WB0007), directing Wachovia to "change the beneficiary or payment of death on the following accounts to Joan Caruso:....". Defendant's answer to Interrogatory Number 5 does not explain this transaction to the prejudice of the Plaintiffs and in violation of the Omnibus Order.

37. Defendant's answers to Interrogatories Number 6 and 7 are defective as they refer Plaintiffs back to WACHOVIA BANK, N.A.'s response to Interrogatory Number 3. However, the answer to Interrogatory Number 3 does not answer Interrogatories Number 6 and 7, and the same is prejudicial to the Plaintiffs and in violation of the Omnibus Order.

38. Defendant's answer to Interrogatory Number 10 is defective in that it refers Plaintiffs to a prior answer to Interrogatory Number 3, and directs Plaintiffs to documents produced in its response to Plaintiffs' Request to Produce, but does not specify the records that have to be reviewed in order to enable the interrogating party to locate and identify them as responsive to the Interrogatory, in violation of Fed. R. Civ. P. 33(b). <u>See generally</u>, <u>DL v.</u>

*Seropian v. Wachovia*
CASE NO.: 10-80397-CIV- MARRA
Plf's Motion for Further Releif
Page 15 of 19

District of Columbia, 251 F. Supp. 2d 38 (D.D.C. 2008) (respondent may not simply refer to past or future production of documents); US ex rel Englund v. Los Angeles County, 235 F.R.D. 675 (E.D. Cal. 2006) ("if the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories.").

39. WACHOVIA BANK, N.A.'s answer to Interrogatory Number 11 is similarly defective in that it improperly refers Plaintiffs to Defendant's answer to Interrogatory Number 1, and then generally directs Plaintiffs to 195 pages of Bates stamped documents without specifying which ones it claims answer the Interrogatory. Moreover, in answer to Interrogatory Number 1, Defendant confirms Ms. Miller's "interactions with Ms. Bleyer were limited to telephone conversations and such conversations are generally documented in Wachovia's production documents." Conversely, the only production document which seems responsive regarding telephone communications (plural) between May and October 2009 is WB00131, which references a June 12, 2009 "SOLD Note Detail". Thus, the answer to Interrogatory Number 11 does not specify the multiple telephone communications which Defendant acknowledges occurred between May of 2009 and October of 2009. For that reason, the answer to Interrogatory Number 11 is in violation of the Omnibus Order and Defendant should be subject to sanctions therefore.

40. In response to Interrogatory Number 13, WACHOVIA BANK, N.A. does not answer the question, nor specify inception dates for the Certificates of Deposit relating to the three (3) Plaintiffs here, but "directs Plaintiffs to the documents produced in response to Plaintiffs' Request to Produce", in violation of the Rules and case law cited above. Defendant's answers are therefore in violation of the Omnibus Order, are grossly prejudicial

to Plaintiff's preparation of their case and WACHOVIA BANK, N.A. should be sanctioned for the same and compelled to provide full and complete answers to the Interrogatories as specified above.

## MEMORANDUM OF LAW

41.  In addition to the citations of authority above, Plaintiffs rely on Federal Rule of Civil Procedure 37(a) as legal support for this Court's authority to direct WACHOVIA BANK, N.A. to fully and completely and respond to the outstanding discovery it was previously directed to provide to Plaintiffs pursuant to the October 8, 2010 Omnibus Order [D.E. 49]. The Plaintiffs are entitled to an award of attorneys' fees and costs in connection with the preparation, filing and prosecution of this Motion compelling disclosure of discovery.

42.  Plaintiffs rely on F.R. Civ. P. 37(b) as supporting the imposition of sanctions against WACHOVIA BANK, N.A. for not obeying the unambiguous language of the October 8, 2010 Omnibus Order. This Honorable Court should fashion such appropriate sanctions as directed at the matters embraced in the Order or other designated facts established for purposes of the action; prohibiting WACHOVIA BANK, N.A. from opposing Plaintiffs' designated claims for tortious interference with an inheritance and breach of an intended third-party beneficiary claim, striking Defendant's pleadings in whole or in part, or entering a default against Defendant on breach of the third-party intended beneficiary contract claim, as the damages thereunder are essentially liquidated in the amount of $116,949.89 (as of December 5, 2008) plus interest, as the two (2) Durable Powers of Attorney upon which WACHOVIA BANK, N.A. relied in closing and liquidating Betty Bleyer's Pay-On-Death Certificates of

Deposit (WB0003 and WB0004) did not expressly provide the authority to revoke those documents and close those accounts, in violation of F.S.A. §709.08(7)(b)(5).

42.     Moreover, the Court has inherent power to police its docket and may impose formal sanctions upon dilatory litigants. See Mingo v. Sugar Cane Growers Co-Op of Florida, 864 F.2d 101, 102 (11th Cir. 1989) (A pattern of delay and refusal to comply with Court directions warranted dismissal without prejudice.)  Indeed lesser sanctions are insufficient where the misconduct constituted a clear record fo delay, but also willful disregard.  See also Goforth v. Owens, 766 F. 2d 1533, 1535 (11th Cir. 1985) (Dismissal was appropriate where plaintiff's counsel engaged in a pattern of delay, and deliberately refused to comply with directions of the Court).  Intentional violation of Court's orders justify the imposition of sanctions, including striking of pleadings and entering judgment for the aggrieved party. Royal Palace hotel Associates, Inc. v. International Resort Classics, Inc., 178 F.R.D. 588, 592 ( S.D. FL. 1997 ).  Here there is an unmistakable **pattern** of non-compliance justifying sanctions.

WHEREFORE, Plaintiffs, NICOLE C. SEROPIAN, individually, and as parent and natural guardian of KATHERINE ELIZABETH SEROPIAN, a minor and SARAH LUCINE SEROPIAN, a minor, request this Honorable Court to enter its order further compelling discovery and providing further and additional relief pursuant to Federal Rule of Civil Procedure 37(b) for Defendant, WACHOVIA BANK, N.A.'s, intentional violation of this Court's October 8, 2010 Omnibus Order [D.E. 49] including the entry of default and striking its pleadings, and request an award of attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37.

*Seropian v. Wachovia*
CASE NO.: 10-80397-CIV- MARRA
*Plf's Motion for Further Releif*
Page 18 of 19

## CERTIFICATE OF PRE-FILING CONFERENCE

I HEREBY CERTIFY that prior to the filing of this motion, counsel for the movant has conferred with Amy S. Rubin, Esquire, and Dori Stibolt, Esquire Defense counsel for Defendant, WACHOVIA BANK, N.A., who object to the relief sought in this motion. Plaintiffs' Counsel attaches electronic mail correspondence threads from November 23, and 20th, and from October 26, 2010 attempting to capture compliance with the Rules without resort to Motion practice, as Exhibit "H" to this Motion and Memorandum.

_____
Diran V. Seropian, Esquire
Florida Bar No.: 773476
Dseropian@injurylawyers.com
Steinger, Iscoe & Greene P.A.
1645 Palm Beach Lakes Boulevard, 9th Floor
West Palm Beach, FL 33401
Telephone:(561) 616-5550
Facsimile:(561)616-5551
Attorney for Plaintiff

Seropian v. Wachovia
CASE NO.: 10-80397-CIV- MARRA
Plf's Motion for Further Releif
Page 19 of 19

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 2nd day of December, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

STEINGER, ISCOE & GREENE P.A.
1645 Palm Beach Lakes Boulevard, 9th Floor
West Palm Beach, FL 33401
(561) 616-5550
Attorney for Plaintiffs

_____
Diran V. Seropian
Florida Bar # 773476

**SERVICE LIST**

Amy S. Rubin, Esquire
arubin@foxrothschild.com
Dori Stibolt, Esquire
dstibolt@foxrothschild.com
FOX ROTHSCHILD, LLP
222 Lakeview Avenue
Suite 700
West Palm Beach, FL 33401
(561) 835-9600
(561) 835-9602