UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:10-cv-80397-KAM

NICOLE C. SEROPIAN, individually, and
as parent and natural guardian for
KATHERINE ELIZABETH SEROPIAN, a
minor and SARAH LUCINE SEROPIAN,
a minor,

       Plaintiffs,

v.

WACHOVIA BANK, N.A.,

       Defendant.
_____/

## DEFENDANT WACHOVIA BANK, N.A.'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 AND FLORIDA STATUTE § 57.105 AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 11 of the Federal Rules of Civil Procedure and Florida Statute § 57.105, Wachovia hereby moves for entry of sanctions, including an award of attorneys' fees, against: (1) Plaintiffs Nicole C. Seropian, individually, and Nicole C. Seropian, as parent and natural guardian of Katherine Elizabeth Seropian, a minor, and Sarah Lucine Seropian, a minor; (2) their counsel Diran V. Seropian; and (3) and the law firm Steinger, Iscoe & Greene, P.A. because the claims asserted in the Verified Third Amended Complaint ("Complaint") are not warranted by existing law and/or the factual contentions asserted therein are without evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery and/or for asserting and maintaining claims that are not supported by the material facts or the application of then-existing law.

## I. PROCEDURAL BACKGROUND

1. Plaintiff's original Complaint asserted claims for civil theft (Count I), conversion (Count II), breach of fiduciary duty (Count III) and negligence (Count IV).

2. Wachovia filed its Motion to Dismiss on April 9, 2010, seeking dismissal of all of Plaintiffs' claims asserted in this matter. This Court, on July 26, 2010, granted Wachovia's Motion to Dismiss and dismissed all of Plaintiffs' claims and provided leave to amend. See D.E. #33.

3. Accordingly, on August 18, 2010, Plaintiffs filed a Verified Amended Complaint. See D.E. #35. Plaintiffs' Complaint asserted two new claims against Wachovia: Count I – Breach of Third-Party Beneficiary Contract and Count II – Tortious Interference with Expectation of Inheritance.

4. Wachovia filed its Motion to Dismiss directed to Plaintiffs' Amended Complaint. See D.E. #39.

5. In response to Wachovia's Motion to Dismiss, on September 10, 2010, Plaintiffs filed their Verified Second Amended Complaint asserting the same claims set forth in their Amended Complaint: Count I – Breach of Third-Party Beneficiary Contract and Count II – Tortious Interference with Expectation of Inheritance.

6. On September 28, 2010, Wachovia filed its Motion to Dismiss directed to Plaintiff's Verified Second Amended Complaint. See D.E. #48.

7. Thereafter, Plaintiffs sought leave to amend their Complaint, for a fourth time, to include a claim for attorneys fees pursuant to Florida Statute § 709.08. Accordingly, Plaintiffs' filed a Verified Third Amended Complaint [D.E. #70] which asserted the same two causes of

action asserted in their Verified Second Amended Complaint.. Wachovia has not yet filed a Motion to Dismiss directed to Plaintiffs' Third Amended Complaint, but expects to do so shortly.

## II.   FACTUAL BACKGROUND

8.   In this action, Plaintiffs argue that they are beneficiaries of a third-party contract, namely pay-on-death ("POD") time deposits or certificate(s) of deposit previously owned by their grandmother and great-grandmother, Ms. Betty Hester Bleyer, at Wachovia. See Compl. ¶ 7.

9.   Furthermore, Plaintiffs also claim that Wachovia interfered with their expectation of inheritance in that Plaintiffs allege that but for the improper "re-titling, conversion, improper liquidation" of the time deposits owned by Ms. Bleyer they would have passed to Plaintiffs at Ms. Bleyer's death. See Compl. ¶¶ 8, 9.

10.   Plaintiffs, in their Complaint, allege that Ms. Bleyer's daughter, Ms. Joan Caruso, was the actor that undertook the changes to the POD time deposits at issue in this matter pursuant to the use of one or more written Power(s) of Attorney.. See Compl. ¶¶ 10, 12.

11.   Plaintiffs attach, as exhibits to their Complaint, the two Durable Power of Attorney ("DPOA") documents executed by Ms. Bleyer, and witnessed and notarized as well, which provided Ms. Caruso with the power to: "make deposits to and *withdrawals* from all checking, savings, money market, *deposit certificates* or other cash accounts and all brokerage accounts in any financial institution or brokerage firm;" "generally to transact any business for me of any kind whatsoever." See June 10, 2004 DPOA, attached as Exhibit A and November 28, 2008 DPOA, attached as Exhibit B (emphasis supplied).

12.   Furthermore, the November 28, 2008 DPOA specifically provides that "[m]y attorney-in-fact shall specifically have the *power and authority to change, delete, or add*

3

***beneficiaries or payable-on-death beneficiaries*** to any and all of my checking accounts, money market accounts, ***certificates of deposit/time deposits***, which are held by ***Wachovia***, SunTrust, or Bank of America. See Exhibit B (emphasis supplied).

13. Additionally, Wachovia also, during discovery, produced a letter dated December 2, 2008, executed by Ms. Bleyer and directing Wachovia to change the beneficiary designation on several POD time deposits to her attorney-in-fact Joan Caruso.

14. Based on the 2008 DPOA and the December 2, 2008 letter, executed by Ms. Bleyer, Wachovia began processing the requested changes in beneficiary designations pursuant to the directions provided by Ms. Caruso as Ms. Bleyer's attorney-in-fact.. However, Wachovia requested that Ms. Caruso provide a notarized form of the December 2, 2008 letter from Ms. Bleyer detailing the requested changes in beneficiary designations. Instead of providing the requested notarized letter to change the beneficiary designations, Ms. Caruso, in her authorized position as attorney-in-fact, elected to withdrawal all sums from the time deposits at issue in this matter.

15. The December 5, 2008 withdrawals from Ms. Bleyer's accounts resulted in the issuance of Wachovia check number 1600544323 made payable to Betty Hester Bleyer in the amount of $322,105.23. See Dec, 5, 2008 check, attached as Exhibit C.

### III. MEMORANDUM OF LAW

#### A. Standard for Imposition of Sanctions

Pursuant to Federal Rule of Civil Procedure 11(b), "By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Similarly, Florida Statute § 57.105(1) provides that :

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts.

Here, as described more fully below, upon receipt of Wachovia's production documents, in October 2010, including the two DPOA(s) and the December 2, 2010 letter, Plaintiffs and their counsel would have known that each of the claims raised in their Complaint are not warranted by existing law and/or are without evidentiary support and/or that they are asserting and maintaining claims that are not supported by the material facts or the application of then-existing law. Furthermore, as Plaintiffs and their counsel are now well aware of the true factual circumstances and the applicable law herein, it is clear that the Complaint is being maintained for improper purposes, including to needlessly increase the cost of litigation and harass Wachovia in direct violation of Federal Rule of Civil Procedure 11(b)(1).

Pursuant to Federal Rule of Civil Procedure 11(c)(1): "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may

5

Case 9:10-cv-80397-KAM   Document 86   Entered on FLSD Docket 02/10/2011   Page 6 of 12

impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

Similarly, Florida Statute § 57.105 provides a 21 day "safe-harbor" provision to permit the party to withdraw the frivolous claim upon notice. Accordingly, on January 13, 2011, counsel for Plaintiffs was served with a letter indicating the factual and legal basis for the instant Motion, a copy of which is attached hereto as Exhibit D (without exhibits), along with a copy of the instant Motion. As such, counsel for Plaintiffs has been advised of the specific conduct violating Federal Rule of Civil Procedure 11(b) and Florida Statute § 57.105. However, Plaintiffs and their counsel have failed to withdraw their Complaint. Accordingly, the Court should impose sanctions upon the Plaintiffs and their counsel. Pursuant to Federal Rule of Civil Procedure 11(c)(4) and Florida Statute § 57.105, those sanctions should include an order directing payment to Wachovia of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

**B.     Breach of Third Party Beneficiary Claim**

Plaintiffs allege that Wachovia had some duty to them as POD beneficiaries of Ms. Bleyer's Wachovia time deposits. See Compl. ¶ 30. However, such claim ignores the fact that Plaintiffs had no right to sums on deposit during the lifetime of the account owner (Ms. Bleyer). See FLA. STAT. § 655.82(2). Accordingly, Ms. Bleyer always maintained the right to withdraw sums from the time deposits, to transfer sums from the time deposits to other accounts, to change the beneficiaries on the time deposits or to close the time deposits all together. Id.

The DPOA(s) and other documents produced by Wachovia demonstrate that Ms. Caruso, in accordance with the November 2008 DPOA, had full authority to "withdraw" monies from

6

Ms. Bleyer's time deposit accounts at Wachovia and further had full authority to specifically "change, delete, or add beneficiaries or *payable-on-death beneficiaries* to any and all . . . checking accounts, money market accounts, certificates of deposit/time deposits, which [were] held at *Wachovia* SunTrust, or Bank of America." See Exhibit B (emphasis supplied).

In Beane v. SunTrust Banks, Inc., -- So. 2d. --, 2010 WL 4483472 (Fla. 4th DCA 2010), the Court held that a bank could not be held liable for honoring a withdrawal by an account owner's attorney-in-fact. In the Beane matter, similar to the facts in this matter, the account owner, Lillian Wilde, had executed a durable power of attorney naming her niece, Deborah Lorenzo, as her attorney-in-fact. Id. at *1. The durable power of attorney executed in Beane provided that Ms. Lorenzo could act "for me in my name, place and stead and in any way which I myself could do if I were personally present with respect to the following matters . . . . 4. To demand, sue for, collect, recover and receive all goods, claims, debts, monies, interest and demands whatsoever now due, or that may hereafter be due, or belonging to me . . . ." Id. The day after the durable power of attorney was executed, Ms. Lorenzo utilizing the power of attorney, transferred $150,000.00 from Ms. Wilde's Totten[1] trust account at SunTrust bank, which had as its beneficiary Frances Wallin, to another account in the name of Orson Lorenzo. Id. Thereafter, Ms. Wilde's personal representative brought suit claiming that Ms. Lorenzo did not have the power to withdraw monies from the Totten trust because the durable power of attorney did not expressly authorize the withdrawal as required by Florida Statute § 709.08. Id.

---

[1] Placing a bank account in the name of one individual "in trust for" another individual creates a tentative or Totten trust. Such a trust is tentative because partial revocation occurs every time there is a withdrawal, and the trust is revocable during the lifetime of the depositor/settlor. See In re Totten, 179 N.Y. 112, 71 N.E. 748 (1904).

7

The Beane Court found that the durable power of attorney provided Ms. Lorenzo with the authority to act for Ms. Wilde "in any way which [she] could do if [she] were personally present." Beane, 2010 WL 4483472 at *2. And further the Court found that because a Totten trust depositor can change the beneficiary without constraint, withdrawing money from the Totten trust does not, as a matter of law, change the disposition effective at the principal's death but merely changes the amounts within the Totten trust. Id. Accordingly, the Court ruled that SunTrust had properly acted in reliance on the durable power of attorney and so was not liable and must be held harmless. Id.; see also FLA. STAT. § 709.08(4)(g) ("A person who acts in good faith upon any representation, direction, decision, or act of the attorney in fact is not liable to the principal or the principal's estate, beneficiaries, or joint owners for those acts.")

Similarly, here, as this Court previously ruled, Ms. Bleyer retained the right to liquidate, withdraw monies, transfer monies, change beneficiaries, etc. on her Wachovia time deposit accounts. Furthermore, Ms. Bleyer specifically authorized her attorney-in-fact, her daughter Ms. Caruso, with the power to liquidate, withdraw monies, transfer monies and specifically empowered Ms. Caruso, as her attorney-in-fact, to change the POD beneficiaries on the time deposits at issue. Accordingly, pursuant to Beane[2] and Florida's Durable Power of Attorney statute, FLA. STAT. § 709.08, Plaintiffs' claims asserted in Count I are not warranted by existing law and/or are without evidentiary support.

C.  **Tortious Interference With Expectation of Inheritance Claim**

Plaintiffs also claim that Wachovia, by "re-titling, liquidation, transfer and closure" of the time deposits owned by Ms. Bleyer "in reliance on representations of Joan Caruso" "but not

---

[2] Because, the Beane opinion is quite recent, counsel for Wachovia alerted Plaintiffs' counsel to same on December 9, 2010 during a telephone conference. Further, counsel for Wachovia, via e-mail, forwarded counsel for Plaintiffs the cite to Beane that same day. See Dec. 9, 2010 e-mail, attached as Exhibit E.

8

based on instructions or authorization from the account owner" Ms. Bleyer interfered with Plaintiffs' expected inheritance. See Compl. ¶ 44. However, as explained above, Ms. Bleyer (and as Plaintiffs admit in their Complaint) retained the right to alter the time deposits such that her intention to benefit the Plaintiffs was only a "probability." See Compl. ¶ 42. As this Court found earlier, "beneficiaries in an account having a pay-on-death designation have no right to sums on deposit during the lifetime of any party." See D.E. #33, p. 9.

Furthermore, now that Plaintiffs and Plaintiffs' counsel are in possession of the two DPOA(S) executed by Ms. Bleyer in favor of her daughter Ms. Caruso, and indeed are relying on same, in addition to a letter from Ms. Bleyer documenting her directions and instructions regarding the re-titling of the time deposits at issue, Plaintiffs have no evidentiary support for this claim. Ms. Bleyer authorized Ms. Caruso, as her attorney-in-fact, to change the POD beneficiaries on these time deposits and therefore specifically authorized Ms. Caruso to change her "testamentary" directions on the time deposits at issue. Wachovia, properly and in reliance on the executed and notarized DPOA(s) and other documents cannot, pursuant to Beane be held liable in this matter. Based on the foregoing, Plaintiffs' Count II lacks any evidentiary support and is not warranted by existing law.

## IV.   CONCLUSION

Plaintiffs and their counsel are now well aware that this matter is not warranted by existing law and/or the factual contentions asserted in their Verified Third Amended Complaint are without evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery and/or they are well aware that they are asserting and maintaining claims that are not supported by the material facts or the application of then-existing law. Therefore it is clear that they continue to maintain the Verified Third

Amended Complaint in this action for improper purposes, including, to needlessly increase the cost of litigation, and to harass Wachovia, in direct violation of Federal Rule of Civil Procedure 11(b)(1) and Florida Statute § 57.105. Accordingly, the Court should enter sanctions against: (1) Plaintiffs Nicole C. Seropian, individually, and Nicole C. Seropian, as parent and natural guardian of Katherine Elizabeth Seropian, a minor, and Sarah Lucine Seropian, a minor; (2) their counsel Diran V. Seropian; and (3) and the law firm Steinger, Iscoe & Greene, P.A.

Dated: February 10, 2011,

> FOX ROTHSCHILD, LLP
> 222 Lakeview Avenue, Suite 700
> West Palm Beach, FL 33401
> Telephone: (561) 835-9600
> Facsimile: (561) 835-9602
>
> By: */s/Dori K. Stibolt*
>     Amy S. Rubin
>     Florida Bar No. 476048
>     arubin@foxrothschild.com
>     Dori K. Stibolt
>     Florida Bar No. 183611
>     dstibolt@foxrothschild.com
>
> *Attorneys for Defendant Wachovia Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/Dori K. Stibolt*
Dori K. Stibolt

## SERVICE LIST

*Nicole Seropian, et. al. v. Wachovia Bank, N.A.*
United States District Court, Southern District of Florida
CASE NO. 9:10-cv-80397-KAM

### *Electronically by CM/ECF System*

Amy S. Rubin
arubin@foxrothschild.com
Dori K. Stibolt
dstibolt@foxrothschild.com
FOX ROTHSCHILD, LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, Florida 33401
Telephone:   (561) 835-9600
Facsimile:   (561) 835-9602

*Attorneys for Defendant Wachovia Bank, N.A.*

Diran V. Seropian
DSeropian@injurylawyers.com
STEINGER, ISCOE & GREENE, PA
1645 Palm Beach Lakes Blvd, 9th Floor
West Palm Beach, FL 33401
Telephone:   (561) 932-1925
Facsimile:   (561) 296-5949

*Attorney for Plaintiff Seropians*

WP1 363213v2