UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80397-CIV-MARRA/JOHNSON

NICOLE C. SEROPIAN, individually,
and as parent and natural guardian of
KATHERINE ELIZABETH SEROPIAN,
a minor and SARAH LUCINE
SEROPIAN, a minor,

        Plaintiffs,

vs.

WACHOVIA BANK, N.A.,

        Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION TO COMPEL BETTER RESPONSES TO SECOND REQUEST FOR ADMISSIONS

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel Better Responses to Second Request for Admissions [DE 72]. The motion is fully briefed and ripe for review. After carefully considering the filings of the parties and being otherwise fully advised in the premises, the Court grants in part and denies in part Plaintiffs' Motion.

### I. Background

The instant dispute concerns certain payable-on-death certificates of deposit ("CDs") formerly held by Elizabeth H. Bleyer ("Bleyer"). These CDs were payable upon Bleyer's death to each Plaintiff; three were payable to Bleyer's biological granddaughter, Plaintiff Nicole C. Seropian, and the other two CDs were each payable to Bleyer's great-granddaughters, Plaintiffs Katherine Elizabeth Seropian and Sarah Lucine Seropian. According to Plaintiffs, Bleyer's stated testamentary intention was to create a vested

1

interest in the named recipients; this intention was allegedly thwarted when Wachovia breached the terms of the CDs. Specifically, Plaintiffs allege that, in December of 2008, Wachovia wrongfully re-titled and liquidated the CDs at the urging of non-party Joan Caruso, Bleyer's biological daughter. Although Caruso had been granted a durable power of attorney from Bleyer, Plaintiffs argue that under Florida Statutes Section 709.08(7)(b), Caruso's position as Bleyer's attorney-in-fact did not allow Caruso to dispose of the CDs. After Bleyer died on September 19, 2009, Plaintiffs brought suit against Defendant Wachovia Bank, N.A. ("Wachovia") for breach of third party beneficiary contract (Count I) and tortious interference with expectation of inheritance (Count II).[1]

By the instant motion, Plaintiffs seek better responses to their Second Request for Admissions, as well as an award of attorney's fees and costs. Plaintiffs claim that Wachovia is improperly objecting to several requests for admissions, and giving incomplete or evasive answers to other requests. In particular, Plaintiffs argue that they are entitled to responses to their requests concerning the re-titling and closure of *all* of Bleyer's CDs, not merely those payable on death to Plaintiffs. Wachovia asserts that its answers are sufficient, and accuses Plaintiffs of propounding irrelevant requests concerning CDs that are not in issue in this case. Wachovia also claims that Plaintiffs have served requests for admissions that erroneously ask for conclusions of law, as opposed to opinions on facts or the application of law to fact.

---

[1] Wachovia's Motion to Dismiss Plaintiffs' Verified Third Amended Complaint [DE 73] is currently pending before the Court. The instant Order makes no comment or ruling on the merits of Wachovia's Motion to Dismiss.

2

## II. Standard of Review

"A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts." In re Carney, 258 F.3d 415, 419 (5th Cir. 2001).[2] These admissions "facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." United States v. Petroff-Kline, 557 F.3d 285, 293 (6th Cir. 2009). In order to fairly respond to a request for admissions, a party must either admit the matter, specifically deny it in whole or in part, or state in detail why it cannot reasonably respond to the request. See F.D.I.C. v. Halpern, 271 F.R.D. 191, 196 (D. Nev. 2010) (compelling supplemental responses to request for admissions because party refused to admit, deny, or object to the requests).

Since Rule 36 admissions are designed to narrow the scope of issues to be litigated, "federal courts express their concern when they breed additional litigation because one party is dissatisfied with the answer of the other." National Semiconductor Corp. v. Ramtron Intern. Corp., 265 F. Supp. 2d 71, 74 (D.D.C. 2003). Despite these efficiency concerns, a requesting party is permitted to move a court to determine the sufficiency of an answer or objection to a request for admission. Fed. R. Civ. P. 36(a)(6). "When a party moves for a judicial determination of the sufficiency of the answers and whether any objections were justifiable, the Court considers whether any of the qualifications were made in good faith." Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd., 242 F.R.D. 1,

---

[2] The language of Rule 36 was amended in 2007 as part of the general restyling of the Civil Rules. The changes were intended to be stylistic only.

3

14 (D.D.C. 2007). When examining the answers, courts also consider the propriety of the original request to admit, in order to prevent one side from using "the rule to harass the other side." Perez v. Miami-Dade County, 297 F.3d 1255, 1269 (11th Cir. 2002).

## III. Discussion

Pursuant to Federal Rule of Civil Procedure 36(a)(6), Plaintiffs are challenging the sufficiency of a number of Wachovia's responses to the Second Request for Admissions. The Court addresses each of Plaintiffs' arguments in turn:[3]

### A. Request for Admission No. 4

Plaintiffs' Request for Admission No. 4 asked Wachovia to admit that it relied on the June 10, 2004 durable power of attorney in liquidating and closing Bleyer's accounts at Wachovia on December 5, 2008. In response, Wachovia referred to its previous denial of Request No. 8 in Plaintiffs' First Request for Admissions, which was an identical request for Wachovia to admit that it relied on the June 10, 2004 durable power-of-attorney. Plaintiffs argue that they are entitled to a direct response to Request No. 4, not a referral to another response to a previously served request.

Because the positions of the parties may change as information is uncovered during the course of litigation, it is generally permissible to ask an opposing party to admit a

---

[3] As a threshold matter, Wachovia argues that the instant motion is untimely and otherwise fails to comply with the formal requirements of the Local Rules. See S.D. Fla. L.R. 26.1(h) (requiring discovery motions to be filed "within thirty (30) days of the occurrence of grounds for the motion" and requiring them to restate the discovery request and the opposing party's objection). The Court rejects both arguments. First, Plaintiffs did not receive Wachovia's responses until December 15, 2010; the instant motion was timely filed twenty-eight days later on January 12, 2011. Second, the Court finds that the instant motion substantially complies with the formal requirements of Local Rule 26.1(h)(2), as it sufficiently organizes and segregates the disputed requests.

4

matter that was previously denied, so long as these requests do not cross the line into harassment. Cf. Perez, 297 F.3d at 1268-69 (parties may not "re-serve the complaint in the form of a request for admissions"). The Court finds that the matter referenced in Request No. 4 is relevant and material; if Wachovia continues to deny that it relied on the June 10, 2004 durable power of attorney, it should do so directly for the sake of efficiency, without forcing Plaintiffs to engage in document acrobatics.

### B. Admissions Regarding CDs Not Payable to Plaintiffs

Much of the Second Request for Admissions concerns deposit accounts held by Bleyer that were not payable on death to Plaintiffs. These accounts were either payable on death to other family members, or were not payable on death to anyone.[4] Despite this, Plaintiffs claim that Wachovia is obligated to answer these requests. Plaintiffs argue that information about the closure of Bleyer's CDs is relevant and probative of Wachovia's reliance on Caruso's durable power of attorney, Wachovia's compliance with Florida Statutes Section 709.08(7)(b), and Wachovia's compliance with its own internal policies and regulations.

In response, Wachovia contends that these CDs are not at issue in this lawsuit because Plaintiffs were not the payable on death beneficiaries. Wachovia also notes that Plaintiffs have propounded identical requests for admissions concerning the CDs that *were* payable on death to Plaintiffs. For these reasons, Wachovia argues that the requests are improper and outside the bounds of Rule 36.

---

[4] CD XX6403 was payable to Michael Caruso (Request for Admission Nos. 8-13), CDXX1255 was payable to Joe Teague Caruso, Jr (Request Nos. 48-54), CDXX5962 was payable to Joe Teague Caruso, Jr or Cara Grace Caruso (Request Nos. 41-47), and CDXX0807 was held in Bleyer's name alone (Request Nos. 22-26).

The Court disagrees, and finds that the requests for admissions regarding CDs not payable on death to Plaintiffs are valid and must be answered. Wachovia is correct that requests for admissions about issues beyond the scope of the case are improper and need not be answered. See Tequila, 242 F.R.D. at 13 (denying motion to compel, as information sought in request for admission was not relevant to the matters before the court). At the same time, however, requests for admissions may inquire about "any matters within the scope of Rule 26(b)(1)," and the scope of Rule 26 is broad. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case").

In this case, Plaintiffs have alleged that *all* of Bleyer's accounts at Wachovia were improperly liquidated or re-titled in one transaction by Bleyer's attorney-in-fact, Joan Caruso. Plaintiffs claim that Joan Caruso was allowed to leave Wachovia Bank with an official draft exceeding $332,000.00, an amount encompassing all of Bleyer's CDs and Bleyer's money market account. According to Plaintiffs, both the CDs payable to Plaintiffs and the CDs not payable to Plaintiffs were re-titled and withdrawn in the same occurrence. Plaintiffs have claimed that Wachovia has internal policies and procedures that direct employees to contact a principle in order to ensure an attorney-in-fact is not engaging in self-dealing. Admissions regarding the other CDs may clarify whether these policies were followed with regard to Plaintiffs' CDs, thus narrowing the scope of issues for trial. Because of this nexus, the fact that Plaintiffs have no legal claim to the other CDs does not put them outside the scope of Rule 36(a)(1). The Court therefore holds that the requests for admissions regarding Bleyer's CDs that were not payable to Plaintiffs are relevant, and

orders Wachovia to serve answers to Plaintiffs' Second Request for Admissions on these matters.

### C. Wachovia's Narrative Partial Admission

In its response to Plaintiffs' Request for Admission No. 16, which requested Wachovia to admit that it re-titled CDXX6404 from "Betty H. Bleyer/Pay-On-Death Nicole Seropian" to "Betty H. Bleyer/Pay-On-Death Joe Caruso," Wachovia admitted to the re-titling in part, and then proceeded to deliver a lengthy narrative explaining its version of the events in this case.[5] In Wachovia's responses to Plaintiffs' Request Nos. 18, 56-59, 61-62, 64-69, and 74-75, which were all centered around the re-titling and liquidation of CDs in December 2008, Wachovia referred to its narrative partial admission to Request No. 16. Plaintiffs argue that Wachovia's narrative admission is evasive, incomplete, and does not fairly meet or respond to their requests for admissions. The Court disagrees.

Under Rule 36(a)(4), "when good faith requires that a party qualify an answer . . . the answer must specify the part admitted and qualify or deny the rest." Such a qualification must not be unduly convoluted or argumentative, and it must adequately communicate which parts of the request are being admitted to. See Synventive Molding Solutions, Inc. v. Husky Injection Molding Systems, Inc., 262 F.R.D. 365, 374 (D. Vt., 2009)

---

[5] According to Wachovia, when Caruso attempted to make beneficiary changes in Bleyer's accounts in November 2008 using her original June 2004 power of attorney, she was rejected. A month later, Caruso appeared with a new power of attorney, notarized on November 28, 2008, that specifically included the authority to "change, delete, or add beneficiaries or payable on death beneficiaries." Wachovia requested a letter from Bleyer outlining the changes in the CD beneficiaries, and then started "processing" the changes after receiving a letter purportedly from Bleyer. When Wachovia requested an additional notarized letter from Bleyer, Caruso elected to withdraw all sums from Bleyer's accounts

7

(compelling additional responses because opposing party's qualifications to its answer were incomprehensible). Moreover, "an evasive denial, one that does not 'specifically deny the matter,' or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981).

In this case, however, Wachovia has elected to partially admit to re-titling and liquidating the accounts, and has provided specific details regarding what purportedly happened to the CDs. Rather than sidestepping or evading Plaintiffs' requests for admissions, Wachovia's narrative admission adequately outlines its position on when and how the CDs were re-titled and liquidated during December 2008. The details Wachovia has supplied fairly respond to Plaintiffs' Request Nos. 18, 56-59, 61-62, 64-69, and 74-75. Since Wachovia's partial admission comports with both the text and purpose of Rule 36, the Court denies Plaintiffs' Motion to Compel with respect to these requests.

### D. Requests for Admissions on Mixed Questions of Law and Fact

Plaintiffs next move to compel Wachovia to answer Request Nos. 37, 38, 39, and 40. Request Nos. 37, 38, and 39 ask Wachovia to admit that it was obligated to comply with Florida Statutes Section 709.08 when dealing with Caruso's durable powers of attorney and Bleyer's CDs. Request No. 40 asks Wachovia to admit that the CDs were "Pay-On-Death Accounts" within the meaning of Florida Statutes Section 655.82. Wachovia objects to these requests on the basis that they call for legal conclusions, and relies on In re Olympia Holding Corp., 189 B.R. 846, 853 (Bkrtcy. M.D. Fla. 1995) for the proposition that neither conclusions of law nor central facts in dispute can be the subject of requests for admissions.

For a number of reasons, the Court disagrees with Wachovia, and finds that Plaintiffs' requests are appropriate. First, the Court finds <u>In re Olympia</u> unpersuasive, as it relies on cases decided prior to the 1970 amendments to Rule 36. These amendments eliminated the requirement that requests for admissions be made on matters "of fact;" in the current text of Rule 36(a)(1)(A), requests for admissions may be served on any matters relating to "facts, the application of law to fact, or opinions about either." There is no limitation placed on requesting a party to admit or deny a central fact in dispute, and, in view of the purpose of Rule 36, an admission or denial of such a fact may considerably expedite litigation.

Second, the Court holds that Plaintiffs' requests do not call for naked conclusions of law. Instead, the requests merely ask for Wachovia's opinion on the application of law to the particular facts of this case. For instance, in Request No. 40, Wachovia was asked whether, in its opinion, Bleyer's CDs were statutory "Pay-On-Death Accounts;" Wachovia is free to admit or deny this legal position in whole or in part based on how it interprets the characteristics of Bleyer's CDs, and Plaintiffs are entitled to know Wachovia's position. This kind of back-and-forth communication helps to narrow and simplify the issues that are actually in dispute, and Rule 36 requires an answer. Accordingly, Wachovia is ordered to serve answers to Plaintiffs' Request Nos. 37 through 40.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Better Responses to Second Request for Admissions [DE 72] is **GRANTED IN PART AND DENIED IN PART**. Because the Court has not found that

Wachovia is in violation of any existing orders, no sanctions or attorneys' fees are warranted in this case. To the extent the Court has ordered amended answers to be served, Wachovia shall provide more responsive answers within fourteen (14) days in accordance with the terms and conditions set forth herein.

**DONE AND ORDERED** in Chambers this 17th day of February, 2011 at West Palm Beach, Florida.

Linnea R. Johnson
United States Magistrate Judge

cc   The Honorable Kenneth A. Marra
     All Counsel of Record